UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MARK MEAD,

    Plaintiff,

v.                                CASE NO. 5:21-cv-00012-MW/MJF

CENTER STATE RAILROAD
SERVICES, INC.

    Defendant.
_____/

**JOINT MOTION AND STIPULATION TO APPROVE FLSA SETTLEMENT AGREEMENT AND FOR DISMISSAL WITH PREJUDICE**

The parties, Mark Mead, Plaintiff, and Center State Railroad Services, Inc., Defendant, by and through their undersigned attorneys, hereby stipulate and jointly move the Court for an order to approve their settlement of Plaintiff's claims against Defendant under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"). The parties also move the Court to approve the parties' stipulation for dismissal of this action upon the Court's approval of the parties' settlement agreement and accordingly enter an order of dismissal with prejudice. As grounds for this motion, the parties stipulate and state:

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may be settled or compromised only when the Department of Labor supervises the

payment of back wages or when the court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353. The courts must determine whether a compromise of a FLSA claim for wages represents "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355. This requirement applies even when an employer and a former employee agree on a settlement. *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307 (11th Cir. 2013).

There are bona fide disputes between the parties pertaining to Plaintiffs' claims arising out of the FLSA.

Plaintiff alleges that, instead of being paid straight time for hours worked over 40 in a work week, he should have been paid time and a half for those hours. Plaintiff's hourly wage was $20 an hour. Thus, Plaintiff alleges that he is owed half time at $10 per hour for the 221 hours at issue, or $2,210. Plaintiff also alleges liquidated damages in the same amount of the claimed overtime compensation due, costs, and attorneys' fees.

Defendant contends that as a driver in interstate commerce, Plaintiff was exempt from paying time and a half for hours worked over 40 in a work week under the Motor Carrier Act overtime exemption, and, thus, Plaintiff is not due and owing any wages. Defendant contends that it specifically reviewed the applicability of this exemption prior to paying straight time over 40 hours in a work week and that liquidated damages would not be appropriate.

The parties have engaged in multiple hours reviewing the Plaintiff's allegations and the applicability of the Motor Carrier Act exemption to Plaintiff's driving duties with Defendant. The dispute is primarily centered around the question of whether Plaintiff's driving routes across state lines were sufficient to qualify for the Motor Carrier Act exemption. The resolution of this dispute can involve questions over such issues as whether Plaintiff drove such routes "regularly or from time to time" or whether Plaintiff drove such routes "sporadically or occasionally", as those terms are described by regulation and interpreted in case law. See 29 C.F.R. §782.2. Because of the differing views of the issues in this case, the parties recognize from their respective investigations and their attorneys' assessment of disputed and undisputed facts that further litigation of these matters will be most costly compared to the amount of money at issue and not actually beneficial to the parties. To avoid such costs and the uncertainty of litigation, the parties and their attorneys have reached a reasonable resolution and compromise of this litigation. The parties have negotiated a settlement of these claims for alleged unpaid half time for hours worked over 40 in a work week, alleged associated liquidated damages, attorneys' fees, and costs. The parties desire and respectfully request the Court to approve this reasonable, compromise settlement of the FLSA claims and declare that it is fair.

As part of this resolution of this FLSA overtime claim and pursuant to Rule 41, Federal Rules of Civil Procedure, the parties hereby stipulate and agree that upon

the Court's entry of an order approving this settlement of the claims for alleged FLSA alleged overtime compensation, liquidated damages, attorneys' fees, and costs, this civil action should be dismissed with prejudice, without the assessment of costs and with the parties to bear their own costs and fees in connection herewith, except as otherwise provided in the FLSA settlement.

In settlement and compromise of Plaintiffs' claims for FLSA alleged overtime compensation, liquidated damages, attorneys' fees, and costs, the parties have agreed that the following FLSA compromise is reasonable:

(1) The gross amount of $750 will be paid to Mark Mead as a net amount after deductions for applicable withholdings and legal deductions (federal income tax, FICA, and Medicare contributions) as a reasonable compromise for the disputed overtime claim, and the gross amount of $750 (without any withholdings) will be paid to Mark Mead as a similarly reasonable compromise of his disputed liquidated damages claim.

(2) The amount of $2,000 will be paid to Plaintiff's attorney (Wenzel, Fenton, Cabassa, P.A.) as a reasonable compromise of Plaintiff's claim for FLSA fees and costs. In determining the fairness of the FLSA settlement, courts also look at the reasonableness of the proposed attorneys' fees. *See Helms v. Central Fla. Reg. Hosp.,* No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at *6-7, (M.D. Fla. Dec. 21, 2007). Courts have held that it is unnecessary to inquire into the reasonableness of the hourly rate charged

    by Plaintiffs' attorneys where both parties stipulate as to the reasonableness of the attorney's fees, as the parties are doing in this case to facilitate settlement. *Id.* at 12. The parties agree and stipulate that the amount of attorneys' fees and costs in this case is reasonable, and also the award of attorneys' fees and costs in this instance is an appropriate reimbursement and does not compromise or diminish Plaintiff's recovery.

(3) Plaintiff, for himself, his heirs, personal representatives, executors, administrators, successors, and assigns hereby fully, finally and forever releases and discharges Defendant, and its present and former owners, officers, directors, managers, supervisors, employees, agents, attorneys, insurers, parents, successors, subsidiaries, affiliates, employee leasing companies, and any other person, organization or entity involved in any way in the operation, management, promotion, or ownership of the Defendant (all collectively referred to hereinafter as "the Released Parties"), of and from any and all manner of actions, debts, claims, demands, damages, costs, attorneys' fees, expenses, compensation, and causes of action of any kind whatsoever, whether known or unknown or foreseen or unforeseen, which Plaintiff now has, claims to have, or hereafter may have against the defendant and the Released Parties for or by reason of any matter, cause, or thing occurring at any time prior to the

execution of this stipulation for any unpaid wages claim under the Fair Labor Standards Act.

WHEREFORE, Plaintiff and Defendant agree that the settlement of Plaintiff's overtime claim under the FLSA is a fair and equitable compromise of this matter considering the issues involved and the dollar amount at issue, and respectfully move the Court to enter an order granting this joint motion; approving the terms of the FLSA settlement; and upon that approval, dismissing this action and the complaint with prejudice, with the parties to bear their own attorneys' fees and costs and without any assessment against any parties of any fees and costs associated with this action, except as otherwise specified in the Court's order approving this proposed settlement.

DATED this 11th day of March, 2021.

Respectfully submitted,

| | |
|---|---|
| */s/ Christopher J. Saba* | */s/ Russell F. Van Sickle* |
| Christopher J. Saba, Esq. | RUSSELL F. VAN SICKLE |
| Florida Bar No. 0092016 | Florida Bar No. 967289 |
| Wenzel Fenton Cabassa, P.A. | BEGGS & LANE, RLLP |
| 1110 North Florida Ave., Suite 300 | 501 Commendencia Street |
| Tampa, FL 33602 | Pensacola, FL 32502 |
| 813-224-0431 Tel. | 850-432-2451 Tel. |
| 813-229-8712 Fax | 850-469-3331 Fax |
| csaba@wfclaw.com | rfv@beggslane.com |
| tsoriano@wfclaw.com | dad@beggslane.com |
| Attorneys for Plaintiff | Attorneys for Defendant |